**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JESUS MUHAMMAD ALI<br>D/B/A JMA MASTER PRINTS, INC. | ) | |
| PLAINTIFFS, | ) | Case No. ___________ |
| v. | ) | |
| THE NATION OF ISLAM, INC.,<br>THE FINAL CALL, INC.,<br>UNITED GRAPHICS, INC. | ) | |
| DEFENDANTS. | ) | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Jesus Muhammad-Ali d/b/a JMA Master Prints, Inc. (collectively, "Plaintiff"), brings this action for copyright infringement under the Copyright Laws of the United States as provided for by 17 U.S.C. § 101, *et seq.*, against The Nation of Islam, Inc., The Final Call, Inc., and United Graphics, Inc. (collectively, "Defendants") of each of the following three paintings: "Minister Farrakhan," "Classic Portrait of the Honorable Elijah Muhammad," and "Nation of Islam' First Lady" (collectively, the "Works").

**THE PARTIES**

1. Plaintiff Jesus Muhammad-Ali is an artist who resides at 9603 Petoskey Avenue, Detroit, MI, 48204.

2. Mr. Muhammad-Ali does business as, and is the sole owner of, JMA Master Prints, Inc., which is a corporation located at 838 W Grand Avenue, Chicago, Illinois, 60622.

3. Defendant, The Nation of Islam, Inc. (hereafter "The Nation of Islam"), is a corporation headquartered at its National Center, located at 7351 S. Stony Island Ave., Chicago, Illinois 60649.

4. Defendant, The Final Call, Inc. (hereafter "The Final Call"), is a corporation headquartered at 734 W. 79th St., Chicago, IL, 60620.

5. Defendant, United Graphics, Inc. (hereafter "United Graphics"), is a corporation located at 2916 Marshall Ave., Mattoon, IL 61938.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this case arises under the Copyright Laws of the United States, 17 U.S.C. § 101 et seq. ("Copyright Act").

7. Upon information and belief, Defendants are subject to personal jurisdiction in this judicial district by virtue of, *inter alia*, their continuous and systematic contacts with this district.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1400(a). At all times material to this Complaint, Defendants have committed one or more of the acts complained of herein within the United States and within this State and judicial district

**FACTS**

9. Plaintiff is the grandson of Elijah Muhammad, the Leader of the Nation of Islam from 1934-1975. Over the years, Plaintiff has created multiple portraits of some of the most prominent members of the Nation of Islam.

10. The Nation of Islam was founded in Detroit, Michigan by Wallace D. Fard Muhammad in 1930. Louis Farrakhan (hereafter "Mr. Farrakhan") is the current Leader of the Nation of Islam. The Nation of Islam sponsors, promotes, and produces, among other major events and meetings, an annual Saviour's Day Convention in February and an annual Day of Atonement Convention in October each year.

11. The Final Call distributes a newspaper under the same name ("Final Call Newspaper") on behalf of the Nation of Islam. The Final Call Newspaper is distributed in America and other countries around the world. The Final Call sells books, records, DVDs and CDs for the Nation of Islam, solicits the production of artwork pertaining to the Nation of Islam, and advertises Nation of Islam products. Many of these products are offered for sale on The Final Call's website, www.finalcall.com.

**"Minister Farrakhan"**

12. In 1984, Mr. Farrakhan solicited Plaintiff to paint a portrait of him for a fee of $5,000. Plaintiff agreed to these terms, created a portrait of Mr. Farrakhan with Elijah Muhammad in the background, and titled it "Minister Farrakhan." A true and correct copy of an image of this painting is attached as Exhibit A.

13. On March 14, 1986, registered and recorded with the United States Copyright Office the copyright in the painting "Minister Farrakhan," Registration No. VAu000090933. A true and correct copy of the public catalog record from the United States Copyright Office for Registration No.VAu000090933 is attached as Exhibit B.

14. Plaintiff included the circle-c copyright symbol and his name on the "Minister Farrakhan" work. Plaintiff duly complied with the provisions of the Copyright Laws of the United States and has secured and maintains exclusive rights, titles and interests in and to the "Minister Farrakhan" work.

15. Plaintiff has been the sole copyright owner in this painting since he created it in 1984.

16. Plaintiff has not transferred, in any way whatsoever, the copyright in the "Minister Farrakhan" work to Mr. Farrakhan, The Nation of Islam, The Final Call, United Graphics, or any other person or entity. Neither Plaintiff nor an agent of the Plaintiff signed a written note or memorandum of transfer of any right, title or interest in the "Minister Farrakhan" work.

17. Plaintiff neither was an employee of any of the Defendants, and nor did he sign a written agreement stating that the work "Minister Farrakhan" shall be deemed a work made for hire.

18. Upon information and belief, Defendants have made and distributed unauthorized copies of the "Minister Farrakhan" work.

19. The Nation of Islam, and The Final Call have disregarded Plaintiff's demands to cease and desist from reproducing and distributing unauthorized copies of his "Minister Farrakhan" painting.

20. Upon information and belief, the Defendants sold and continue to sell unauthorized copies of the "Minister Farrakhan" work in the print and online versions of the Final Call Newspaper, the Respect for Life Bookstore, and the Nation of Islam's Temples throughout the world.

21. A true and correct copy of an offer for sale of an unauthorized copy of this painting on The Final Call's website is attached as Exhibit C.

**"Classic Portrait of the Honorable Elijah Muhammad"**

22. In 1969, Plaintiff painted a 3x4 foot oil-on-linen portrait of Elijah Muhammad and titled it "Classic Portrait of the Honorable Elijah Muhammad." A true and correct lithographic copy of this painting is attached as Exhibit D.

23. On November 26, 1997, Plaintiff registered and recorded with the United States Copyright Office the copyright in the painting "Classic Portrait of the Honorable Elijah Muhammad," Registration No. VAu000356243. A true and correct copy of the public catalog record from the United States Copyright Office for Registration No. VAu000356243 is attached as Exhibit E.

24. Plaintiff included the circle-c copyright symbol and the name of his business on the "Classic Portrait of the Honorable Elijah Muhammad" work. Plaintiff included his personal name on a different part of this work. Plaintiff also made lithographic copies of the work and offered them to the public for sale.

25. Plaintiff duly complied with the provisions of the then-existing Copyright Laws of the United States and has secured and maintained exclusive rights, titles and interests in and to the "Classic Portrait of the Honorable Elijah Muhammad" work.

26. Plaintiff sold 50,000, 8x10 inch lithographic copies of this work to Mr. Farrakhan, on behalf of the Nation of Islam in 1992, in exchange for $25,000 (the "1992 Authorized Lithographs").

27. Plaintiff has not transferred, in any way whatsoever, the copyright in the "Classic Portrait of the Honorable Elijah Muhammad" work or the 1992 Authorized Lithographs to Mr. Farrakhan, The Nation of Islam, The Final Call, United Graphics, or any other person or entity.

28. Neither Plaintiff nor an agent of the Plaintiff signed a written note or memorandum of transfer of any right, title or interest in the “Classic Portrait of the Honorable Elijah Muhammad” work or the 1992 Authorized Lithographs.

29. Plaintiff was neither an employee of any of the Defendants, nor did he sign a written agreement stating that the work “Classic Portrait of the Honorable Elijah Muhammad” or the 1992 Authorized Lithographs shall be deemed works made for hire.

30. Plaintiff has been the sole copyright owner in the “Classic Portrait of the Honorable Elijah Muhammad” work and the 1992 Authorized Lithographs since he created them.

31. Upon information and belief, after receiving the 1992 Authorized Lithographs, Defendants proceeded to make unauthorized copies of the “Classic Portrait of the Honorable Elijah Muhammad” work and the 1992 Authorized Lithographs, and have been selling them at multiple venues.

32. Although substantially similar to the 1992 Authorized Lithographs, Defendants have altered the 1992 Authorized Lithographs in their unauthorized copies. The unauthorized copies currently offered for sale are twice the size of the original lithographs (16x22), with significantly reduced margins, and on considerably lighter card stock.

33. On information and belief, Defendants have made, sold, and continue to sell, unauthorized copies altered copies of Plaintiff’s copyrighted the “Classic Portrait of the Honorable Elijah Muhammad” work and the 1992 Authorized Lithographs.

34. Copies were being offered for sale on The Final Call’s website up until at least August of 2013.

35. The Defendants have not responded to Plaintiff’s requests to cease their infringing behavior.

**“Nation of Islam’ First Lady”**

36. Plaintiff created a portrait of Ms. Khadijah Farrakhan (here after “Mrs. Farrakhan”) in 1996, titled “Nation of Islam’ First Lady.” A true and correct lithographic copy of this painting is attached as Exhibit F.

37. On February 26, 1997, Plaintiff registered and recorded with the United States Copyright Office the copyright in the painting "Nation of Islam' First Lady," Registration No. VA0000836986. A true and correct copy of the public catalog record from the United States Copyright Office for Registration No. VA0000836986 is attached as Exhibit G.

38. Plaintiff duly complied with the provisions of the Copyright Laws of the United States and has secured and maintained exclusive rights, titles and interests in and to the "Nation of Islam' First Lady" work.

39. Plaintiff delivered the "Nation of Islam' First Lady" work to Mrs. Farrakhan in exchange for a one dollar royalty fee for each copy sold. Mrs. Farrakhan then made ten thousand authorized lithographs of the portrait (the "1996 Authorized Lithographs"), and eventually provided Plaintiff with his $10,000 royalty fee. Both the original "Nation of Islam' First Lady" work and the 1996 Authorized lithographs included the circle-c copyright symbol and Plaintiff's name.

40. Plaintiff has not transferred, in any way whatsoever, the copyright in the "Nation of Islam' First Lady" work or the 1996 Authorized Lithographs to The Nation of Islam, The Final Call, United Graphics, or any other party.

41. Neither Plaintiff nor an agent of the Plaintiff signed a written note or memorandum of transfer of any right, title or interest in the "Nation of Islam' First Lady" work or the 1996 Authorized Lithographs.

42. Plaintiff was neither an employee of any of the Defendants, nor did he sign a written agreement stating that the work "Nation of Islam' First Lady" or the 1996 Authorized Lithographs shall be deemed works made for hire.

43. Upon information and belief, Defendants have made unauthorized copies of the original "Nation of Islam' First Lady" and/or the 1996 Authorized Lithographs and have offered and continue to offer them for sale.

44. The Nation of Islam and The Final Call have also, on numerous occasions, reproduced "The Nation of Islam' First Lady" and/or the 1996 Authorized Lithographs in The Final Call Newspaper,

which is distributed to subscribers each week. A true and correct copy of The Final Call Newspaper containing an unauthorized reproduction is attached as Exhibit H.

45. Upon information and belief, without Plaintiff's authorization, The Nation of Islam and The Final Call also distributed "The Nation of Islam' First Lady" to the magazine Virtue Today which published an unauthorized and altered version of the work on the cover of its Summer 2009 edition. A true and correct copy of the cover of the Summer 2009 Virtue Today magazine is attached as Exhibit I.

## COUNT I
## <u>COPYRIGHT INFRINGEMENT OF THE "MINISTER FARRAKHAN" WORK</u>

46. Plaintiff repeats and realleges the foregoing paragraphs of the Complaint as though fully set forth herein.

47. As a complete grounds for relief, Plaintiff hereby charges Defendants with copyright infringement of the "Minister Farrakhan" work under the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

48. Upon information and belief, Defendants have reproduced and/or distributed unauthorized copies of the "Minister Farrakhan" work and/or copies that are substantially similar to the "Minister Farrakhan" work.

49. Defendants have profited or will profit from the reproduction and/or distribution of unauthorized copies of the "Minister Farrakhan" work, or copies substantially similar to that work.

50. Defendants' copying and/or distribution of copies of the "Minister Farrakhan" work to the public was without the authorization, license or permission of Plaintiff.

51. Defendants' infringing acts were willful, deliberate, and committed with prior notice of Plaintiff's copyright ownership, and were committed in flagrant disregard of Plaintiff's lawful rights.

52. As a result of Defendant's acts of copyright infringement, Plaintiff has suffered irreparable injury and has lost sales and profits, and will continue to do so unless Defendants are enjoined from continuing to commit the aforesaid acts.

53. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their infringement of the "Minister Farrakhan" work, pursuant to 17 U.S.C. § 504.

54. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

55. Plaintiff is also entitled to recover his attorneys' fees and costs of suit under 17 U.S.C. § 505.

**COUNT II**
**COPYRIGHT INFRINGEMENT OF THE**
**"CLASSIC PORTRAIT OF THE HONORABLE ELIJAH MUHAMMAD"**

56. Plaintiff repeats and realleges the foregoing paragraphs of the Complaint as though fully set forth herein.

57. As a complete grounds for relief, Plaintiff hereby charges Defendants with copyright infringement of the "Classic Portrait of the Honorable Elijah Muhammad" work under the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq*

58. Upon information and belief, Defendants have reproduced and/or distributed unauthorized copies of the "Classic Portrait of the Honorable Elijah Muhammad" work, and/or copies that are substantially similar to the "Classic Portrait of the Honorable Elijah Muhammad" work.

59. Defendants have profited or will profit from the reproduction and/or distribution of unauthorized copies of the "Classic Portrait of the Honorable Elijah Muhammad" work, or copies substantially similar to that work.

60. Defendants' copying and/or distribution of copies of the "Classic Portrait of the Honorable Elijah Muhammad" work to the public was without the authorization, license or permission of Plaintiff.

61. Defendants' infringing acts were willful, deliberate, and committed with prior notice of Plaintiff's copyright ownership, and were committed in flagrant disregard of Plaintiff's lawful rights.

62. As a result of Defendant's acts of copyright infringement, Plaintiff has suffered irreparable injury and has lost sales and profits, and will continue to do so unless Defendants are enjoined from continuing to commit the aforesaid acts.

63. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their infringement of the "Classic Portrait of the Honorable Elijah Muhammad" work, pursuant to 17 U.S.C. § 504.

64. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

65. Plaintiff is also entitled to recover his attorneys' fees and costs of suit under 17 U.S.C. § 505.

**COUNT III**
**COPYRIGHT INFRINGEMENT AS TO "NATION OF ISLAM' FIRST LADY"**

66. Plaintiff repeats and realleges the foregoing paragraphs of the Complaint as though fully set forth herein.

67. As a complete grounds for relief, Plaintiff hereby charges Defendants with copyright infringement of the "Nation of Islam' First Lady" work under the Copyright Laws of the United States, 17 U.S.C. § 101, *et seq.*

68. Upon information and belief, Defendants have reproduced and/or distributed unauthorized copies of the "Nation of Islam' First Lady" work, and/or copies that are substantially similar to the "Nation of Islam' First Lady" work.

69. Upon information and belief, Defendants have also infringed Plaintiff's exclusive right to prepare derivative works based upon the "Nation of Islam' First Lady" work.

70. Defendants have profited or will profit from the reproduction and/or distribution of unauthorized copies of the "Nation of Islam' First Lady" work, copies substantially similar to that work, or derivative works.

71. Defendants' infringing acts were willful, deliberate, and committed with prior notice of Plaintiff's copyright ownership, and were committed in flagrant disregard of Plaintiff's lawful rights.

72. As a result of Defendant's acts of copyright infringement, Plaintiff has suffered irreparable injury and has lost sales and profits, and will continue to do so unless Defendants are enjoined from continuing to commit the aforesaid acts.

73. In addition to Plaintiff's actual damages, Plaintiff is entitled to receive the profits made by Defendants from their infringement of the "Nation of Islam' First Lady" work, pursuant to 17 U.S.C. § 504.

74. In the alternative, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of Defendants' willful copyright infringement.

75. Plaintiff is also entitled to recover his attorneys' fees and costs of suit under 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jesus Muhammad-Ali, respectfully requests judgment against the Defendants, The Nation of Islam, The Final Call, and United Graphics, Inc., and each of them, jointly and severally, as follows:

1. A judgment against each Defendant, The Nation of Islam, the Final Call, and United Graphics that each of them have;

   (a) Infringed Plaintiff's exclusive rights in the Works;

   (b) Willfully infringed Plaintiff's exclusive rights in the Works;

   (c) Injured Plaintiff through their acts and conduct set forth in this Complaint;

2. An award to Plaintiff for his actual damages and Defendants' profits, both direct and indirect, including the value of all gains, profits, advantages, benefits and consideration, derived from Defendants' acts of copyright infringement. In the alternative, if Plaintiff so elects, an award of statutory based upon Defendants' acts of infringement;

3. A permanent injunction enjoining and restraining the Defendants, and each of them, and each of their respective officers, agents, and employees, and all persons acting in concert with them, from copying and marketing, advertising, promoting, or distributing any infringing copies of any of the Works, or any works which are substantially, confusingly or deceptively similar to any of the Works;

4. An award to Plaintiff of his costs in this action, including reasonable attorneys' fees, taxable costs and appropriate pre-judgment and post-judgment interest; and

5. An award of such other and further relief in favor of Plaintiff as the Court deems just and proper.

Dated: September 24, 2013

Respectfully submitted,

*/s/ Brent A. Hawkins*

Brent A. Hawkins
Wan-Shon Lo
McDermott, Will & Emery LLP
227 West Monroe Street
Chicago, Illinois 60606-5096
T: (312) 372-2000
F: (312) 984-7700
bhawkins@mwe.com
slo@mwe.com

*Of Counsel*
Patrick Lai
McDermott, Will & Emery LLP
275 Middlefield Road, Suite 100
Menlo Park, California 94025
T: (650) 815-7400
F: (650) 815-7401
palai@mwe.com

*Attorneys for Plaintiff Jesus Muhammad-Ali*

DM_US 43892773-8.099729.0111